## EXPERT TESTIMONY AS TO PERSONAL INJURIES.

Circuit Court of Lorain County.

LAKE SHORE ELECTRIC RAILWAY COMPANY v. ALICE GATENS.

Decided, May 1, 1907.

*Negligence—Expert Testimony—Internal Injuries—Evidence—Excessive Judgment.*

1. In a personal injury damage case against a corporation, it is not reversible error to ask a physician, testifying as an expert for the defendant, if he has not frequently acted as an expert for defendant corporations.

2. It is competent to ask an expert witness in such a case, if certain injuries from which the plaintiff is shown to be suffering, could be attributed to an accident of the character claimed in the petition, if followed by other evidence tending to exclude all other possible causes than the accident itself, and tending to establish an actual causal relation between the accident and the injuries in question.

3. Where a petition alleges internal injuries generally, evidence may be received that the plaintiff suffered from pains in the head, irregular menstruation, enlarged ovaries and displaced womb.

4. A judgment for $3,500 is too large where it is not shown that the plaintiff was permanently crippled in any manifest way, nor that there will be any great permanent impairment of her general health or incapacity in the performance of her duties.

*E. G. & H. C. Johnson,* for plaintiff in error.
*Skiles, Green & Skiles* and *Stroup & Fauver,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The defendant in error, Alice Gatens, recovered a verdict and judgment for four thousand dollars in the court of common pleas against the Lake Shore Electric Railway Company, on account of personal injuries sustained by her while alighting from one of its cars, in which she had taken passage. The negligence alleged consists in the premature starting of the car, causing her to be thrown violently to the ground.

Among the errors alleged is, first: The overruling of an objection asked on cross-examination of an expert medical wit-

ness for the defendant below, namely, whether he had not frequently acted as an expert witness for defendant corporations. We think this does not transcend the limits of reasonable cross-examination; it implies no necessary reflection upon defendant corporations in general, nor upon the plaintiff in error in particular. It may or may not tend to weaken the testimony of an expert to elicit the fact that he has been frequently employed by others in like cases, but its force in that behalf, if any, is perfectly legitimate. A corporate defendant occupies neither a better nor a worse position than other defendants with regard to the cross-examination of witnesses which it produces, and this question does not assume anything else with regard to the defendant below.

It is complained further here that the trial judge overruled an objection to a hypothetical question addressed by counsel for the plaintiff below to one of her expert witnesses, which called for an opinion as to whether or not certain injuries, from which she was shown to have been suffering since the accident, could be attributed to an accident of that character. The witness' answer was that they could be. This question did not seek to elicit, nor does the answer disclose, whether the injuries in question probably did result from such an accident. The most that can be said is that they involve the possibility of such a causal relation. Thus limited in its scope and effect we see no valid objection to the admissibility of the evidence, if supplemented by other evidence tending to exclude all other possible causes than the accident itself, or by expert or other evidence establishing the existence of an actual causal relation between the accident and the injuries in question. The evidence on the subject would then be full enough for submission to the jury.

It is, however, insisted that the petition below fails to allege some of the injuries, as to which the medical experts were permitted to testify, and that the evidence fails to show that some of those injuries resulted from the accident in question. Particular attention is called to pains in the head, irregular menstruation, enlarged ovaries and displaced womb. Upon examination of the petition we find, however, that it does allege internal injuries, without specifying in full detail what they were,

and the evidence discloses, although somewhat meagerly it is true, a causal relation between the accident and the internal ailments referred to., with a possible exception of the enlarged ovaries, and even these are somewhat doubtfully included by one expert among those organs, the unhealthy condition of which he ascribed to an accident of the kind and character complained of.

The extent of the injuries of the plaintiff below was sharply contested, and it is claimed here that the verdict of four thousand dollars, even as reduced below by remittitur to thirty-five hundred dollars, is still so large as to evince bias or prejudice on the part of the jury, in view of all the evidence upon the subject, and it is insisted that the damage awarded, as thus reduced, is still in excess of any amount warranted by the evidence. We have carefully read the testimony in this behalf, and we conclude that the jury were misled in this respect. We can not attribute such bias to any particular cause, although it is suggested that the repeated reference to one of the defendant's medical witnesses in the arguments of counsel for the plaintiff below, as a "company doctor," without warrant in the evidence for such characterization, might have had the effect of prejudicing the jury against his testimony; but we find that no prejudice of any kind could have arisen from this remark, for the witness referred to did not testify on the sharply contested issues, and we may remark parenthetically at this juncture, that although the repetition of the reference in question, after the admonition of the court, was improper, we do not think that it constituted such misconduct as to amount to reversible error.

Recurring to the amount of the judgment, we are unable to find from the record that the plaintiff below offered any such proof as to the extent of her injuries, as to justify the inference that she had been damaged to the extent of $3,500. It is impossible, of course, to measure accurately in money the damage that accrues to a person injured, in consequence of impaired health, but some proportion must be admitted to exist, and should be maintained between the amount of damage referable to injuries of a permanently crippling and incapacita-

ting character upon the one hand, and the damages recoverable on account of temporary injuries and moderate impairment of health. upon the other. That this woman was severely injured we do not doubt, but she is not permanently crippled in any manifest way, nor does it appear that there will permanently be any such gross impairment of her general health or incapacity in the performance of her housewifely duties as to warrant the recovery of so large a sum. It is possible that upon a new trial and a more complete disclosure of the facts the evidence might warrant a recovery of the amount which the jury in this case awarded, but, taking the record as we have it, we find that there was error in overruling the motion for a new trial, upon the ground that the verdict was excessive, and the amount awarded indicated bias or prejudice and that the verdict in respect of the damages awarded was not sustained by the evidence, and unless the defendant in error shall remit $1,000 from her verdict and judgment, the judgment will be reversed and the cause remanded.